```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

ROLAND PION and LEITA PION,     :
     Appellants,                :
                                :
          v.                    :   File No. 1:07-CV-272
                                :
KEVIN BEAN and TINA BEAN        :
     Appellees.                 :
_____:
```

MEMORANDUM OF DECISION

Appellants Roland and Leita Pion (the "Pions") bring this appeal from the Bankruptcy Court's October 22, 2007 Order which granted in part Appellees Kevin and Tina Bean's (the "Beans") motion for partial summary judgment on Count I of their amended complaint. Count I sought a determination that the Pions' debt to the Beans was not dischargeable under 11 U.S.C. § 523(a)(6) because the debt was based on willful and malicious injury. For the following reasons, the Court affirms the Bankruptcy Court's Order.

A district court reviews the Bankruptcy Court's findings of fact for clear error; conclusions of law and mixed questions of law and fact are reviewed de novo. In re United States Lines, Inc. v. Am. Steamship Owners, 197 F.3d 631, 640-41 (2d Cir. 1999).

1

On appeal, the Pions parrot the arguments initially made to the Bankruptcy Court in opposing summary judgment.  The Bankruptcy Court's thorough rejection of these arguments, however, was sound.

For one, the Bankruptcy Court correctly found that the Beans' Statement of Undisputed Facts was actually undisputed.  These material undisputed facts are set forth in the Bankruptcy Court's Memorandum of Decision at pages 1-5.

Relatedly, the Bankruptcy Court correctly applied collateral estoppel even though the issue(s) litigated before the state court did not result in an explicit finding of willful and malicious injury under § 523(a)(6).  See Montana v. United States, 440 U.S. 147, 155 (1979) (direct identity of issues is not required for collateral estoppel to apply); Ball v. A.O. Smith Corp., 451 F.3d 66, 69 (2d Cir. 2006) (approving application of collateral estoppel to the facts of a debtor's conduct found in a prior proceeding).

Lastly, the Pions' conduct surrounding the various trespass claims, invasion of privacy claim, punitive damages, and contempt order fits easily within § 523(a)(6)'s willful and malicious injury standard.  See Kawaauhau v. Geiger, 523 U.S. 57, 63-64 (1998) (explaining that nondischargeability under § 523(a)(6) requires an intentionally-inflicted injury, as opposed to a

recklessly or negligently-inflicted injury).  As meticulously detailed in the Bankruptcy Court's Memorandum of Decision at pages 9-14, the record is indeed "replete with specific references to the willfulness and malice of the Pions' trespass behavior" and the "vicious conduct" taken by the Pions against the Beans was clearly "motivated by the [Pions'] malicious plan to drive the [Beans] from their home[.]"

Accordingly, for substantially the reasons set forth by the Bankruptcy Court, the Order of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of July, 2008.

/s/ J. Garvan Murtha<br>
J. Garvan Murtha<br>
United States District Judge